JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE WILLIAMS<br><br>            Plaintiff,<br><br>v.<br><br><br>JOHN E. POTTER, POSTMASTER<br>GENERAL OF THE USPS<br><br>            Defendant. | CASE NO.  08-0026 WHA<br><br>**ADMINISTRATIVE REQUEST TO BE EXCUSED FROM THE ADR PROGRAM IN LIEU OF ADR CERTIFICATION; DECLARATION OF COUNSEL; [PROPOSED] ORDER** |

### REQUEST FOR RELIEF

      Pursuant to Northern District Civil Local Rule 7-11, defendant, John E. Potter, by and through his attorney, the United States Attorney for the Northern District of California, hereby submits the following motion for administrative relief requesting that the parties be excused from the Northern District of California Alternative Dispute Resolution Procedures. This motion is brought on the ground that ADR in this case would be futile because (1) plaintiff is not represented by counsel, (2) the merits of this case are very weak and (3) the use of the ADR process by the parties in this case is not likely otherwise to achieve the stated goals of the ADR program.

### BACKGROUND

      From March until June 13, 2006, plaintiff Katherine Williams was a probationary rural carrier associate (i.e., probationary letter carrier) for the United States Postal Service. *See* Declaration of

Abraham A. Simmons (hereinafter "Simmons Decl.") , ¶ 2. At the end of the probationary period, plaintiff was not offered a full-time permanent position. Simmons Decl., ¶ 2. Plaintiff was informed that she failed to meet the performance standards necessary to receive a permanent position. Simmons Decl., ¶ 2.

Plaintiff filed this action on January 3, 2008. *See* Complaint. She filed the action pro se by filling out the court's form Employment Discrimination Complaint. *Id.* In paragraph 4 of her complaint, plaintiff alleges that she was subjected to harassment and "discriminating conditions" while she was employed with the Postal Service. Although she did not check any of the boxes indicating decisions regarding hiring, firing or promoting were improper, she did write on the form that she was "fired fraudulently." Complaint at 4. Similarly, plaintiff did not check the box asking whether she was discriminated against on the basis of her religion; she did, however, write on the form "I was shot with rubber bands after I said I was a Christian declining an offer to go to a bar." Plaintiff also checked the boxes suggesting she believes she was discriminated against on the basis of her race and color.

Plaintiff did not include in her complaint allegations stating the decisions, if any, she intends to challenge. Nor did plaintiff name in the complaint the persons, if any, she alleges discriminated against her while she was working at the USPS.

## ANALYSIS

This Court has established the ADR program to reduce the burdens of litigation on the court and parties and to reduce the amount of time it takes for disposition of cases. ADR L.R. 1-1. This Court may relieve the parties from assignment to an ADR process for good cause shown. ADR L. R. 4-2 (c) (3). Here, relief from the ADR requirements is appropriate because referral is not likely to achieve the goals of the ADR program.

The burdens of litigating this case do not appear to be onerous at this point. This case likely will be resolved by motion to dismiss or motion for summary judgment. The face of the complaint makes clear plaintiff has a very weak case. The complaint does not contain factual allegations regarding each of the elements of plaintiff's case in chief.[1] Plaintiff has not provided sufficient allegations from which a

---

[1] To prove a claim of disparate treatment under Title VII, plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). Plaintiff should have, but has not, alleged facts sufficient from which the court could determine the adverse employment action being challenged and the basis for the challenge. To the extent plaintiff is challenging the decision not to hire her, the U.S. Postal Service retains broad discretion regarding whether to hire a probationary employee. *See Jenkins v. U.S. Post Office*, 475

reasonable person could find that she has been discriminated against on the basis of her race, color or religion. Plaintiff also apparently is challenging a decision in which the management of the U.S. Postal Service has considerable discretion. Moreover, both the lack of specificity of the allegations in the complaint and the internal inconsistency of some of the allegations suggest strongly that the matter will remain appropriate for disposition by motion. It is likely, therefore, that the burdens of litigation cannot be reduced by referral to the ADR program.

Similarly, the amount of time that it likely will take to litigate this case appears to be minimal. At this time, it would appear a relatively short period for briefing on motions is more likely to expedite the resolution of this case than referral to the ADR program. This is particularly true in this case because plaintiff is not represented by an attorney and therefore is somewhat less likely to be receptive to taking advantage of the benefits of the ADR program. Similarly, the apparent lack of merit to the case makes it likely that the usual means of settlement discrimination cases (i.e., with a job offer or cash settlement) are not likely to be available.

For these reasons, the parties likely would not benefit from referral to the ADR program and the goals of the program– reduced burdens and faster resolution, likely will not be achieved by referral to the program at this time.

## CONCLUSION

Defendant respectfully requests that this case be excluded from the court's ADR program.

DATED: March 24, 2008

Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


           /s/
ABRAHAM A. SIMMONS
Assistant United States Attorney

---

F.2d 1256 (9th Cir. 1973). Further, even if the plaintiff succeeds in establishing the basis for a prima facie case, the USPS can "articulate some legitimate, non-discriminatory reason" for each of its actions. *McDonnell Douglas*, 411 U.S. at 802. Again, to the extent that plaintiff is challenging the USPS' decision not to hire her, the stated reason for the decision– i.e., that her performance was inadequate, is a legitimate, non-discriminatory reason.

## DECLARATION OF COUNSEL

I, ABRAHAM A. SIMMONS, declare as follows:

1. I am an Assistant United States Attorney in the Northern District of California and I have been assigned to represent the government in the above-captioned matter. If called to testify I would and could competently testify as to the facts in this declaration.

2. Attached as Exhibit 1 hereto is a true and correct copy of the April 19, 2007 administrative decision forwarded to me in this case. The decision points out that from March until June 13, 2006, plaintiff Katherine Williams was a probationary rural carrier associate (i.e., probationary letter carrier) for the United States Postal Service. At the end of the probationary period, plaintiff was not offered a full-time permanent position. According to the decision, plaintiff was informed that she failed to meet the performance standards necessary to receive a permanent position. Attached hereto as Exhibit 2 is a true and correct copy of the June 15, 2006 letter forwarded to this office informing plaintiff that she was not selected for a permanent position.

3. I have attempted to reach a stipulation with plaintiff regarding this request to be exempt from the ADR requirements of this Court. Plaintiff has not returned my telephone call of last Thursday.

I declare under penalty of perjury under the laws of the United States that the foregoing declaration is true and correct.

    March 24, 2008                                        /s/
            Date                                ABRAHAM A. SIMMONS

## [PROPOSED] ORDER

The administrative motion is granted. The parties need not submit certifications in accordance with the ADR Rules of this Court. The parties shall appear at the currently-scheduled case management conference for further scheduling.

Date: _____                 _____

                                                                                  United States District Judge

# EXHIBIT 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 The Embarcadero, SUITE 500
SAN FRANCISCO, CA 94105



RECEIVED APR 20 2007 By_____

| | |
|---|---|
| COMPLAINT OF | |
| KATHERINE WILLIAMS | EEOC NO. 550-2007-00053X |
| Complainant | AGENCY No. 4F-945-0141-06 |
| and | |
| JOHN E. POTTER<br>Postmaster General<br>United States Postal Service | DECISION PURSUANT<br>TO 29 C.F.R. §1614.109(g) |
| Respondent Agency | |

COMPLAINANT'S REPRESENTATIVE:    Pro Se

AGENCY REPRESENTATIVE:    Corrine Lee, Esquire

ADMINISTRATIVE JUDGE:    Linda Overton

REFERENCE CODES:    AJE: Administrative Judge Exhibit

I.  **INTRODUCTION**

The above-captioned case was docketed for hearing by the San Francisco District Office of the EEOC on November 13, 2006. On March 22, 2007, the agency filed a Motion for Decision Without a Hearing pursuant to 29 C.F.R. §1614.109(g). AJE: 1. Complainant filed a Response dated March 23, 2007. AJE: 2. After thoroughly reviewing the Investigative File (IF) and submissions of the parties, I have determined that this complaint should be resolved without a hearing because no genuine dispute of material facts or questions of credibility exist. Accordingly, the following constitutes my Decision without a hearing on the complaint of discrimination filed by Katherine Williams (complainant) against the United States Postal Service (agency).

II.  **PROCEDURAL CHRONOLOGY**

The complainant has timely complied with all procedural requirements of the Federal EEO complaint process and the agency requested the appointment of an EEOC Administrative Judge. Therefore, I have jurisdiction to consider this matter and to issue a Decision herein pursuant to 29 C.F.R. § 1614.109 (g).

III.  **ISSUES**

Does the record evidence, when considered in the light most favorable to the complainant, demonstrate that she was 1) subjected to harassment between March 17, 2006 and June 13, 2006 because of her race (African-American) and Religion (Christian); and 2) terminated on June 14, 2006[1] during her probationary period because of her race (African-American); Religion (Christian) and/or prior EEO activity (retaliation)?

---

[1] Complainant's termination was effective June 14, 2006, her last day in pay status was June 13, 2006. See Investigative File, Exhibit 1.

2

IV. **APPLICABLE LAW**

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), prohibits discrimination in federal employment based on race, color, religion, sex and national origin. 42 U.S.C. § 2000e-16.

Pursuant to the regulations of the Equal Employment Opportunity Commission, no person shall be subject to retaliation for opposing any practice made unlawful by Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Equal Pay Act, or the Rehabilitation Act, or for participating in any stage of administrative or judicial proceedings under those statutes. 29 C.F.R. § 1614.101(b); Smith v. Secretary, Department of the Navy, 659 F.2d 1113 (D.C. Cir. 1981).

**Discrimination Cases: The Order of Proof**

In any judicial or administrative proceeding involving an allegation of discrimination, it is the burden of the complainant initially to establish that there is some substance to her claim. This means that the complainant must present evidence creating a prima facie inference which, if not rebutted, would permit a finding that unlawful discrimination had occurred. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Furnco Construction Co. v. Waters, 438 U.S. 567 (1978); Cohen v. Fred Meyer, Inc., 686 F.2d 793 (9th Cir. 1982).

The complainant may establish a prima facie case of disparate treatment under Title VII with circumstantial evidence which raises an inference that the agency's actions were based on a proscribed factor, such as by showing that (1) she is a member of a protected class, (2) she was subjected to adverse treatment by the agency, and (3) she was treated less favorably than similarly situated persons

3

not within her protected class. Perryman v. Johnson, 698 F.2d 1138 (11th Cir. 1983).[2]

To raise an inference of discriminatory retaliation, the complainant must show (1) participation in an activity protected under Title VII, the Rehabilitation Act, the ADEA or a related statute, (2) knowledge of that activity by the decision-maker, (3) an adverse action against the complainant, and (4) a causal connection between the protected activity and the agency's adverse action. A causal connection may be established by showing that the protected activity was followed closely by discriminatory treatment, that the agency treated the employee differently from similarly situated employees who had not participated in EEO activity, or that the agency treated the complainant differently than it treated her before she engaged in the protected activity. Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991).

Once the complainant establishes a prima facie case, the agency has the burden of production to set forth clearly the reasons for its actions against the complainant. The explanation provided must be legally sufficient to justify a judgment for the agency. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

If the agency satisfies its burden of production, the complainant must demonstrate that the reason articulated is not the true reason but is a pretext for discrimination. The complainant has the ultimate burden of proving by a preponderance of the evidence that a factor made unlawful under Title VII played a motivating role, or made a difference in the adverse employment action. McDonnell Douglas Corp. v. Green, supra; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

---

[2] A similarly situated person is one whose employment situation is nearly identical in all relevant aspects to that of the complainant. O'Neal v. Postmaster General, USPS, EEOC No. 05910490, 92 FEOR 3011 (July 23, 1991).

4

**Harassment.**

Title VII is violated when employees are required to work in a discriminatory environment which is hostile or abusive. That is not to say that all workplace conduct which may be described as "harassment" affects a term, condition or privilege of one's employment within the meaning of Title VII. Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986). A few isolated incidents are usually not sufficient to show harassment. Banks v. Dept. of Health and Human Services, EEOC No. 05940481 (February 16, 1995); McGivern v. U.S.P.S, EEOC No. 05930481 (March 17, 1994). The statute is violated, however, by an environment which is "permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment.'" Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993).

In order to prevail on a claim of harassment based on race or religion, complainant must demonstrate that she was subjected to harassment that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive or hostile work environment; and the harassment was based on her membership in a protected class, i.e. based on an impermissible factor such as her race, national origin, sex, age, reprisal, or disability. Valdez v. United States Postal Service, EEOC Appeal No. 01A00196 (May 11, 2000)

**Entry of Findings and Conclusions Without A Hearing**

The entry of Findings and Conclusions without a hearing is warranted if no genuine issues of material fact exist when the evidence is viewed in the light most favorable to the complainant. 29 C.F.R. §1614.109(e); Rule 56, Fed.R.Civ.P. The complainant bears the burden of coming forward with sufficient evidence of every element that she must prove which must be evaluated in light of the proper standard of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby,

5

Inc., 477 U.S. 242 (1986). In a discrimination case alleging disparate treatment or harassment, the complainant bears the ultimate burden of proving discrimination by a preponderance of the evidence. McDonnell Douglas Corp v. Green, supra. Subjective belief or speculation as to motive, intent, or pretext is not sufficient to satisfy the complainant's burden. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). A hearing is not warranted unless the complainant provides significant, probative evidence tending to support her complaint which is sufficient to establish that from this evidence, the disputed fact could reasonably be resolved in her favor. Anderson v. Liberty Lobby, Inc., supra. The complainant also cannot withstand summary disposition simply by expressing an intent to challenge the credibility of the agency's witnesses on cross-examination. Lindahl v. Air France, 930 F.2d 1434 (9th Cir. 1991).

V.    **ANALYSIS**

At all times relevant to the matters alleged in this complaint, the complainant worked as a Rural Carrier Associate at the U.S. Postal Service, Fairfield Annex, Suisun, California. Her immediate supervisor was Darcella (Darcy) Kibodeaux, Acting Supervisor, Customer Service. Her second-line supervisor was Rebecca Nehring, Manager, Customer Services. Complainant's claim asserts factual allegations which will be considered undisputed for purposes of considering this matter without a hearing. The allegations of complainant's harassment claim relate to incidents which occurred between the complainant and co-workers and management from March 17, 2006, when complainant began working for the agency at the Fairfield Annex, and June 15, 2006 when she notified that she was removed from her Rural Carrier Associate position with the Fairfield Post Office.[3]

---

[3] The notification of termination was signed by Rebecca Nehring and dated June 15, 2006.

6

Complainant first complained to management on June 9, 2006 of harassment by co-worker Larry Headington, who she asserts requested that she go to a bar with him and other employees on St. Patricks Day[4]; shot rubber bands at her, on one occasion stuck at sticky note on her back, on one occasion tried to tell her a "dirty joke", gave her wrong information regarding signing in and out for lunch breaks and other work matters, and finally, began hitting her (mail) hamper to move it out of the way, which complainant viewed as aggressive and hostile behavior.[5] Complainant later asserted other co-workers helped each other with their work while not providing assistance to her, gave her wrong information regarding work product, and hid trays from her. Complainant further alleges management closely monitored and criticized her performance, conducted more street reviews on her than other carriers, did not report a vicious dog on her route to Animal Control, ignored her request for leave in June, and changed her work schedule in June all because of her race and/or religion. (See IF - Exhibit 15; IF - Counselor's Report, Pgs. 1-3; IF - Affidavit A).

Not all agency actions which affect an employee constitute adverse treatment resulting in aggrievement. For instance, action that is not disciplinary in nature does not result in aggrievement. Merchant v. Dalton, Sec., Dept. Of the Navy, EEOC NO. 01952833, 96 FEOR 1003 (August 28,1995). Examples of adverse treatment include termination, demotion as demonstrated by salary reduction, lesser title, significantly reduced material responsibilities. Crady v. Liberty National Bank, 993 F.2nd 132 (1993). Even accepting this string of incidents as they are alleged, the complainant has failed to state a claim of discrimination with respect to these incidents. As a threshold matter,

---

[4]Complainant believes this incident prompted her co-worker's harassment based on religion as she allegedly told him she did not drink, so would not go to a bar.

[5]*The record reflects the hamper shoving prompted complainant to speak to Kibodeaux* about Headington's behavior.

7

these incidents do not constitute adverse employment actions, a necessary element of a prima facie case, because the complainant has not shown that these actions had any adverse effect in the terms, conditions, or privileges of her employment. Walter S. Reeve v. Martin T. Runyon, Postmaster General, EEOC No. 05930925, 94 FEOR 3170 (December 10, 1993).

Alternatively, even if the complainant was aggrieved by these incidents, they do not constitute harassment under Title VII. Complainant's occasional inconveniences and annoyances related to co-worker interactions and managements review of her work does not constitute harassment under Title VII because they do not involve conduct or behavior which could be characterized as abusive, severe or pervasive. Harris v. Forklift Systems, Inc., supra; Oncale v. Sundowner Offshort Services, supra. Even a string of such isolated incidents will not be regarded as discriminatory harassment. DeLange v. Department of State, supra. Moreover, even if these matters constituted harassment, complainant is unable to establish her case because, other than speculation, the record contains no evidence, and complainant offered no evidence, indicating that any of these actions or inactions by the agency were motivated by her protected status. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), Crady v. Liberty National Bank, supra. The agency, therefore is entitled to judgement as a matter of law. Celotex Corp. v. Catrett, supra.

As to complainant's second allegation regarding termination, although the initial inquiry in a discrimination case usually focuses on whether the complainant's claim is timely, and whether the complainant has established a prima facie case, following this order of analysis is unnecessary when the agency has articulated a legitimate, nondiscriminatory reason for its actions. In such cases, the inquiry shifts from whether the complainant has established a prima facie case to whether she has demonstrated by a preponderance of the evidence that the agency's reasons for its action were a

8

pretext for discrimination. See United States Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1993).[6]

Complainant has not met her burden of proof because *inter alia*, the undisputed evidence of record reflects that the agency terminated the complainant during her probationary period because she failed to meet performance standards during her probationary period including efficient and accurate delivery of mail. (See IF - Affidavit B, Affidavit C and Exhibit 30). Absent evidence of unlawful motivation, it is not the policy of the Commission to second-guess an agency's personnel decisions. Williams v. Postmaster General, Appeal No. 01922318 (1993). In particular, the agency is permitted great discretion regarding decisions to retain, advance, or terminate probationary employees. Arnett v. Kennedy, 416 U.S. 134 (1974).

Therefore, I conclude the agency has satisfied its burden of production by explaining its termination of complainant for neutral, non-discriminatory and legally sufficient reasons having no nexus with complainant's race, religion or protected activity.[7] Accordingly, the complainant has not shown that a genuine issue of material fact exists concerning the lawfulness of the agency's articulated reasons. Complainant has produced neither direct nor circumstantial evidence sufficient to support a finding of discrimination. In the absence of evidence pointing to race, religion or retaliation as the explanation for the employer's conduct, the agency is entitled to judgment as a matter of law because

---

[6] It should be noted it is questionable whether complainant has met a prima facie case on the basis of retaliation. Complainant first verbally advised management of the alleged harassment by co-workers on June 9, 2006. Complainant, at management's request, followed-up with a written complaint dated June 13, 2006. This complaint does not present a belief that the complained of actions were based on any protected basis or cite any specific incident of sexual harassment. Therefore, it is unlikely this complaint would be construed as protected activity.

[7] The record reflects the agency was taking steps to terminate complainant based on her performance before her complaint of harassment on June 9, 2006. (See IF - Exhibit 13).

9

complainant has made an insufficient showing on essential elements of the case on which she has the burden of proof. Celotex Corp. v. Catrett, supra.

## VI. DECISION

I conclude the instant complaint is appropriate for summary judgement and that the complainant has not met her burden of establishing by a preponderance of the evidence that the Agency took an adverse action against her or harassed her because of her race, religion or prior protected activity. Having thoroughly reviewed all of the evidence in the light most favorable to the complainant I hereby **GRANT** summary judgement in favor of the agency pursuant to 29 C.F.R.§1614.109(g).

## VII. NOTICE

This decision is issued pursuant to 29 CFR §1614.109(g). EEOC regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of this decision. The Agency's final order shall notify the complainant whether or not the Agency will fully implement this decision, and shall contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit, and the applicable time limits for such appeal or lawsuit. **With the exception detailed in the next paragraph, complainant may not file an appeal to the Commission directly from this decision.** Rather, complainant may appeal to the Commission within 30 calendar days of receipt of the Agency's final order concerning its implementation of this decision. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 CFR §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached to the final order.

The complainant may only appeal directly from this decision if the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal. The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the opposing party.[8]   Appeals to the Commission must be filed by mail, personal delivery, or fax (faxes over 10 pages will not be accepted) to the following address:

>Director, Office of Federal Operations
>Equal Employment Opportunity Commission
>P.O. Box 19848, Washington, D.C. 20036
>Fax No. (202)663-7022

April 19, 2007

Linda Overton
Administrative Judge

---

[8] For further guidance regarding appeals, the parties may consult 29 CFR § 1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

# EXHIBIT 2

Fairfield Post Office
Supervisor of Customer Service


**UNITED STATES**
**POSTAL SERVICE**

June 15, 2006

Katherine Williams
445 Fordham Circle
Vallejo Ca 94589

This notice is to inform you that you will no longer be working as a rural carrier for the Fairfield Post Office. The postal service requires that during your probationary period we evaluate the following performance levels;

Accomplishes tasks in an efficient and timely manner.

Performs work which meets the expectation of the position.

Completes work assignments without unnecessary supervision and takes responsibility for completing his/her own work.

Works harmoniously with others in getting the work done.

Understands and follows oral and/or written instructions.

Demonstrates a willingness to handle all assignments.

You have demonstrated that you cannot fulfill the duties of the position within the allotted workhours of your assignment. You have now reach the 30 day mark which your formal evaluation becomes due. You did not fulfill the requirements of the position.

I appreciate your call on Tuesday morning regarding your complaints surrounding your employment with the postal service. Your fax was also transmitted to our office on that same morning 6-13-06. After careful review of your work performance and the fact that you are within the first portion of your probation, I have decided to release you from your position of a rural carrier associate of the Fairfield Post Office. Please submit your ID badge in the attached envelope and you're the postal service will mail you your last paycheck.

Thank you for your efforts during your conditional period with our organization, although you have not met the initial expectations of the position of Rural Carrier Associate.

Rebecca Nehring
Manager of Customer Service
600 Kentucky Street
Fairfield Ca 94533-9998

600 KENTUCKY ST
FAIRFIELD CA 94533-9998
800-275-8777
FAX: 707-425-8459

# CERTIFICATE OF SERVICE

I, TINA LOUIE, declare:

That I am a citizen of the United States and employed in the City and County of San Francisco, California; that my business address is United States Attorney's Office, 450 Golden Gate Avenue, 9th Floor, San Francisco, California 94102; that I am over the age of eighteen years; and that I am not a party of the above-entitled action;

That on March 24, 2008 I deposited in the United States mails, in an envelope bearing the requisite postage, a copy of:

**Administrative Request to Be Excused from the ADR Program In Lieu of ADR Certification; Declaration of Counsel; [Proposed] Order**

addressed to:

Katherine Williams
445 Fordham Circle
Vallejo, CA 94589

at her last known address at which place there is service by United States mail.

This Certificate is executed on March 24, 2008, at San Francisco, California.

I certify under penalty of perjury that the foregoing is true and correct.

/s/
TINA LOUIE
Legal Assistant