IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHERINE WILLIAMS,

    Plaintiff,

v.

JOHN E. POTTER,

    Defendant.
                                 /

No. C 08-00026 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION RE ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

       The Court is in receipt of plaintiff's request for appointment of counsel in this employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964. Because plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, there is no right to appointment of counsel in this case, *see Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), nor are funds available to compensate appointed counsel.

       In employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, pro bono counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). The court must assess three factors under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted).

       In this district, if the court finds that the plaintiff meets the above-stated criteria, the court may refer the plaintiff's case to the Federal Pro Bono Project, which will attempt to locate a volunteer attorney to represent the plaintiff. The Federal Pro Bono Project will attempt to

secure representation only for indigent Title VII plaintiffs or indigent incarcerated plaintiffs bringing civil rights actions.

The Court is not convinced that plaintiff's claim has merit — the third requirement of *Bradshaw*. As stated, plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, so there is no right to appointment of counsel here. At this stage the Court cannot tell if the case has even plausible merit. Plaintiff claims that she was assaulted when she was shot with four rubber bands by another worker, that another worker shoved her hand into a metal case and injured her finger, and that she was wrongfully terminated. As the case develops and it were to become apparent that plaintiff's claim has merit, the Court will consider appointment of counsel. Plaintiff is advised that appointment of counsel is granted in only a small fraction of these cases.

The court finds, therefore, that plaintiff's case lacks sufficient merit at this point to justify a search for volunteer counsel willing to accept an appointment. Accordingly, plaintiff's request is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 1, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2