JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: 415 436-7264
Fax: 415 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE WILLIAMS,<br>Plaintiff,<br>v.<br>JOHN E. POTTER, POSTMASTER GENERAL<br>Defendant. | C 08-0026 WHA<br>E-FILING CASE<br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br>Date: April 10, 2008<br>Time: 11:00 a.m.<br>Courtroom: 9, 19th Floor |

Pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure and the Order Setting Initial Case Management Conference, dated March 20, 2008, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

**1. A brief description of the events underlying the action**:

Plaintiff was hired by the U.S. Postal Service in February of 2006. Plaintiff started working as a rural carrier for the Fairfield area beginning March 17, 2006.

Plaintiff alleges that on March 18, 2006, coworker Larry Headington asked her if he could tell her a dirty joke. On the same day, Headington, put a yellow post-it note on plaintiff's

back and caused another coworker to laugh. On the same day, Mr. Headington asked plaintiff whether she wanted to join him and other co-workers for a drink at a karaoke bar. Plaintiff alleges that after plaintiff refused and identified herself as a Christian, he shot her with four rubber bands.

Plaintiff also alleges her coworkers, Mike Catabay and Larry Headington, frequently used objectionable language (including the “F word”).

In addition, plaintiff claims she was fraudulently fired. Plaintiff alleges as follows: The doctor took me off work she didn’t tell me not to work I was fired under doctor care fraudulently after I reported harassment and hostile working conditions.

Plaintiff claims that while she was working, she was subjected to harassment. Among the acts of harassment plaintiff alleges occurred are as follows:

a. Plaintiff did not receive assistance “casing” her route until she got on the street. This made her job harder. Plaintiff also had to make her own trays and her co-worker, Yolanda Mamsang hid trays for Route 19 from plaintiff. Plaintiff alleges Mamasang hid trays from plaintiff, who is Black, but let Asian carriers use the trays.

b. On March 28, 2006, another coworker, Margie, bumped plaintiff on her right side causing plaintiff to stumble backwards. Also, Darcie shoved plaintiff’s hand into the cases. Plaintiff adds as follows: On March 28, 2006 Margie is a supervisor came into my casing hurriedly and unannounced bumped into my hip causing me to stumble backwards almost falling to the ground I had to catch myself to keep from hitting the ground. I felt pain in my right knee instantly, on the same day Darcie a supervisor came into my casing took my right arm and shoved my hand into the metal casing with an advo in it causing injury to my right middle finger and chipping the stone in my mother's ring that I wore on the right hand ring finger.

c. Darcie made plaintiff’s job harder by giving her more work to do. Darcie followed plaintiff on numerous observations. When Darcie spoke, she often

was belittling. Plaintiff further states as follows: On June 8, 2006 Larry passed my work station after Rhonda Esgana made a statement to me not to pay any attention to Larry bumped his big orange hamper into mines aggressively and in a very hostile way. I was standing behind my hamper and his action which was unpredictible and very frightning startled me caused me to jump for fear of being knocked down his hamper hit my hamper. This is the second time my knee was injured at work by a postal worker. When I came in from delivering my route I informed VR that I was being harassed. She told me not to take it and tell Darcie who had already gone for the day I called her June 9, 2006 by phone.

d. When plaintiff called Darcie to complain about her treatment, Darcie told plaintiff to stop calling on days that plaintiff was not working. Plaintiff adds as follows: I reported to Darcie on June 9, 2006 in the form of a letter and spoke to Rebecca on June 13, 2006 and received a Termination Notice certified mail dated June 15, 2006 received letter June 20, 2006 after I complained of harassment of co-workers and hostile working conditions including assaults, this was done to cover up the real truth by not acknowledging my injuries.

e. Larry Headington bumped his hamper into plaintiff's and almost knocked her down. When plaintiff complained, the Postal Service fraudulently fired her.

f. Plaintiff's co-workers tampered with her time card. Specifically, they "whited out" thirty minutes of time that should have appeared on her time card.

g. Plaintiff claims that after she completed worker compensation forms, Darcie did not turn them in.

h. Plaintiff alleges Darcie did not forward to animal control a complaint that plaintiff made about being attacked by a dog.

i. Plaintiff adds as follows: Darcie turned into investigators drivers observation on the carriers who were employed for a 6 mos. to a year but not any of the drivers who started when I did and followed me 2x's singling me out. I was never told of the proper forms that needed to be filled out for worker's comp.

When I did get forms Darcie never turned them in I had to resubmit them directly to that dept. Darcie and Yolanda turned in 3849 on address 4444 Mountain Meadow Dr. there is no such address.

j. Plaintiff adds as follows: The draft must include and I intend to show that I was fraudulently fired in retailiation to my reporting the harassment by management to cover up the truth, the way you are preparing it it is to mutual. Please include statements below. I intend to show that I was singled out and harassed by not only the supervisors, management never came to location to check on up. I will produce witnesses to confirm that they were wronged as well. I was singled out receiving different treatment i.e. giving more mail to case and deliver by Darcie on a regular bases.(harassed/discriminated) I will intend to prove that Darcie and Yoland tampered with me time cards to mislead and deceive.(fraud) I will show that Darcie has repeatedly lied throughout this investigation. (misrepresenting truth fraud)

I need you to change your dates to a more logical/reasonable deadline not to exceed July 08 09 in not exceptable.

I will prove that I never received help in my route until I was on the street (discrimination/harassment/singled out)

Darcie chipped my mother's ring when she shoved my hand into the metal casing. (assault abuse of authority)

I will produce a document to show I did report hasassment to Darcie about Larry and he was also going to Rhonda Esgana.

I was casing and delivering route by myself none of the others who started when I did weren't doing that when I was fired even as of June 06.

I intend to show repeated lies and changing their stories by Darcie and Larry.

I stated I want 10 witnesses subpeoneaed not 5.

I changed my mind you can only have 10 instead of 25.

I will produce reports to show that Darcie tried to conceal truth by fraud on correction/repremind towards me.

My job was made harder and overburdened by Darcie. (harassment/singling me out to receive different treatment discrimination)

If I can prove discrimination by race I can by religion I definitely will prove harassment, singling me out, assaults, retailiation and fraud. Please include this in draft. We are trying to get to the truth right.

I'm glad you will use the witnessed that you are using that was I can use others who are more creditible.

2. **The principal factual issues which the parties dispute:**

a. Whether Plaintiff was subjected to a hostile work environment, including ongoing harassment;

b. Whether Plaintiff was assaulted;

c. Whether Plaintiff was discriminated against;

d. Whether Defendant Potter used fraud in order to fire plaintiff;

e. Whether Plaintiff was subjected to adverse employment actions in retaliation for her protected activity;

f. Whether Defendant had a legitimate, non-discriminatory reason for each of the challenged employment decisions;

g. Whether the alleged discriminatory acts were sufficiently “severe and pervasive” to establish a claim for hostile work environment;

h. Whether plaintiff can establish that each of Defendant’s reasons for the alleged discriminatory and retaliatory acts are pretext for unlawful discrimination;

i. Whether plaintiff was constructively discharged from her position.

3. **The principal legal issues which the parties dispute:**

a. Whether Plaintiff Siam can establish a *prima facie* case of race, religion, sex discrimination and/or retaliation and if so, whether defendant's actions were taken for legitimate, non-discriminatory reasons;

b. Whether the US Postal Service's asserted justification for it's treatment of Plaintiff was a pretext for discrimination based on her race, national origin, sex and/or in retaliation for protected activity;

c. What is the appropriate remedy.

4. **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None known. Venue and subject matter jurisdiction are not disputed, except to the extent that the defendant contends that the failure to exhaust raises jurisdictional issues.

5. **The parties which have not been served and the reasons:**

None.

6. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder**:

Plaintiff may add additional persons who have been treated improperly by defendant.

## ALTERNATIVE DISPUTE RESOLUTION

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial**:

The partied agree that no ADR is appropriate because it is not likely defendant will willingly resolve this lawsuit on terms that are acceptable to plaintiff.

8. **ADR Assignment:**

Defendant has filed an administrative motion requesting relief from the ADR requirements of this Court.

9. **Other information regarding ADR process or deadline.**

None.

**DISCLOSURES**

10. Plaintiff has made her initial disclosures and intends to supplement them April 10, 2008. Defendant timely submitted initial disclosures on April 2, 2008.

**DISCOVERY**

11. **The parties agree to the following discovery plan:**

A. Discovery Limitations

1. Experts

The parties propose a limit of five (5) experts per side absent a further court order. Defendant will seek to perform an Independent Medical Examination in the event that plaintiff does not stipulate to one.

2. Depositions

The parties propose a limit of ten (10) depositions per side, absent a further court order.

3. Interrogatories, Requests for Production of Documents, and Requests for Admissions.

Plaintiff proposes a limit of 10 interrogatories, 10 document requests and 10 requests for admission per side. Defendant proposes a limit of 25 interrogatories, 25 document requests and 25 requests for admission per side, absent a further court order.

B. Deadline for Completing Fact Discovery

Defendant requests a discovery cut-off on November 2008. Plaintiff requests a discovery cut-off of May 1, 2008.

C. Expert Witness Disclosure

Defendant requests that expert witness reports be due January 30, 2009. Plaintiff requests that expert reports be due June 30, 2008.

D. Deadline for Expert Witness Discovery

Defendant requests February 28, 2009. Plaintiff requests July 30, 2008.

E. Deadline for Dispositive Motions

Plaintiff requests a dispositive motions due date of August 30, 2008. Defendant requests a dispositive motions due date of March 20, 2009.

## TRIAL SCHEDULE

12. **The parties request a trial date as follows**:

Defendant requests a trial date in June 2009.

13. **The parties expect that the trial will last for the following number of days:**

Defendant estimates that trial, if necessary, would last two days.

JOSEPH P. RUSSONIELLO
United States Attorney

/s

Katherine Williams[1]
PLAINTIFF

ABRAHAM A. SIMMONS
Assistant U.S. Attorney
Attorney for Defendant

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: ____________________

WILLIAM H. ALSUP
DISTRICT COURT JUDGE

[1] Plaintiff has not had an opportunity to review the final version of this document. Defendant has attempted to add each of the changes in plaintiff's most recent email.