```
 1  JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
 3  ABRAHAM A. SIMMONS (SBN 146400)
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, 9th Floor
 5      San Francisco, California 94102-3495
        Telephone:    (415) 436-7264
 6      Facsimile:    (415) 436-6748
        Email:        abraham.simmons@usdoj.gov
 7
    Attorneys for Federal Defendant
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| KATHERINE WILLIAMS, | ) | No. C 08-00026 WHA |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE TO |
| | ) | PLAINTIFF'S DISCOVERY DISPUTE |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, POSTMASTER | ) | Date:    June 11, 2008 |
| GENERAL, | ) | Time:    2:00 p.m. |
| | ) | Ctrm:    9 |
| Defendant. | ) | Before:  Hon. William Alsup |
| | ) | |

### INTRODUCTION

Pursuant to this Court's Order filed May 30, 2008 [Docket No. 43], defendant hereby responds to Plaintiff's letter dated May 26, 2008. [Docket No. 44].[1] Generously construed, the letter seeks an order compelling production of unspecified documents or unspecified sanctions on account of the governments wholesale failure to produce documents.

Plaintiff is confused as to what she is entitled and has, in any event, withdrawn her request for relief. Declaration of Abraham A. Simmons, Exh. 9 (filed herewith). Plaintiff has tacitly acknowledged in a letter dated May 28, 2008, that this Court should disregard her letter dated May 26, 2008. Plaintiff acknowledged she received documents and, in fact, she has

---

[1] The docket entry for the Court's Order [Docket No. 43] refers to Docket No. 42. That document, however, is a letter dated May 12, 2008, a letter that makes no request for a court order.

1  received all the documents to which she was entitled. No relief is required or appropriate.

2  In addition, Plaintiff's correspondence demonstrates a fundamental lack of understanding regarding the procedures that are available to her in her efforts to conduct discovery which will likely lead to additional discovery disputes.

**FACTS**

On April 10, 2008, Plaintiff served and filed a four-page discovery request. [Docket No. 36.] The discovery request may fairly be interpreted as contained a list of persons and documents which Plaintiff divided into three groups: (1) information requested from the government, (2) information Plaintiff claims to have already possessed and (3) a list of persons Plaintiff wanted "to be put under oath" or, as an alternative, that "you [the government] subpoena the information." Docket No. 44 at 1.

On April 30, 2008, plaintiff made a "2nd Request For Disclosure." The Second Request stated that plaintiff intended to prove her claims with documents requested in the April 10, 2008, letter and provided a May 12, 2008 deadline for compliance. Declaration of Abraham A. Simmons ("Simmons Decl."), Exh. 2.

On May 1, 2008, Plaintiff wrote a letter acknowledging receipt of defendant's initial disclosures. Simmons Decl., Exh. 3. Plaintiff suggested that a response to her April 10, 2008 discovery requests were overdue and again stated she would enforce a May 12, 2008, deadline for compliance.

On May 9, 2008, Defendant delivered to Plaintiff timely written responses, including objections, to her April 10, 2008, discovery requests. Simmons Decl., Exh. 4.

On May 12, 2008, Plaintiff made a "3rd Request for Discovery." The letter asserted that Plaintiff would seek relief from the Court on May 23, 2008, if the documents were not produced. Simmons Decl., Exh. 5.

On May 20, 2008, Defendant requested from plaintiff her preference regarding whether she would rather receive the responsive documents on paper on in electronic form. Simmons Decl., Exh. 6. The email stated "I am preparing to forward to you the documents referenced in my response and referenced in my initial disclosures." Plaintiff never responded.

1   On May 26, 2008, Plaintiff prepared a letter to the Court requesting an order compelling production of the documents or sanctions. Simmons Decl., Exh. 7.  It is apparent from the text of the letter that Plaintiff erroneously presumed that the documents she would be receiving would be only another copy of defendant's pleading entitled "Initial Disclosures," not the documents referenced therein and not the documents responsive to her discovery requests.

On May 27, 2008, Defendant delivered to Plaintiff documents responsive to her request and documents referenced in Defendant's initial disclosures.  *See* Simmons Decl., Exh. 8.

On May 28, 2008, Plaintiff requested that the Court "disregard letter dated May 26, 2008 because the defendant has sent me requested documents by way of messenger . . .." Simmons Decl., Exh. 9.

On May 29, 2008, Plaintiff wrote a letter seeking additional documents seeking information not previously requested.  Simmons Decl., Exh. 10.

## ANALYSIS

The scope of discovery is controlled by Rule 26.  Under Rule 26, plaintiff is entitled to only such documents and responses to interrogatories as is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).

Here, Defendant provided a timely response and delivered the documents in a timely fashion.  The responses provided documents that were reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  Plaintiff clearly has withdrawn her letter seeking an order to compel disclosure of documents. Simmons Decl., Exh. 9.  Plaintiff apparently now would like to receive additional documents (Simmons Decl., Exh. 10); however, this latest request is not properly before the court.  To the extent that Plaintiff seeks a further response (i.e., regarding her April 10, 2008 discovery requests that defendant subpoena documents for her or take other actions to prepare her discovery), these requests clearly are improper and Defendant timely objected to them.

Similarly, to the extent that Plaintiff seeks sanctions, such a request is not properly noticed and is not justified on the merits.  *See* Fed. R. Civ. P. 37(b); *See United States v. Kitsap*

///

*Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.2002).

## CONCLUSION

If Plaintiff still is seeking any type of relief, she is not entitled to it.  Plaintiff's motion should be denied in its entirety.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 6, 2008                                                     /s/
                                                          ABRAHAM A. SIMMONS
                                                          Assistant United States Attorney